

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-3-2006

# Burch v. PA Dept Pub Welfare

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1429

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Burch v. PA Dept Pub Welfare" (2006). *2006 Decisions.* Paper 366.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/366

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 06-1429

———

JUDITH M. BURCH,
                                                                Appellant

v.

PENNSYLVANIA DEPARTMENT OF PUBLIC WELFARE

———

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 05-cv-2032)
District Judge: Thomas I. Vanaskie

———

Submitted Under Third Circuit LAR 34.1(a)
September 13, 2006

BEFORE: BARRY, CHAGARES and COWEN, CIRCUIT JUDGES

(Filed: October 3, 2006)

———

OPINION

———

PER CURIAM

        Judith Burch appeals the dismissal of her pro se complaint by the United States

District Court for the Middle District of Pennsylvania.  For the reasons below, we will

affirm the District Court's judgment.

On October 5, 2005, Burch filed a pro se discrimination action against her former employer, defendant Pennsylvania Department of Public Welfare. She alleged that defendant violated the Americans with Disabilities Act (ADA), 42 U.S.C. § 12201 et seq., when it discriminated and retaliated against her due to her alleged disability of, inter alia, depression and anxiety. Burch sought front and back pay, and "comprehensive" and punitive damages. The District Court dismissed the complaint for lack of subject-matter jurisdiction based on Pennsylvania's sovereign immunity under the Eleventh Amendment. Burch timely appealed.[1]

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review is plenary. See Gould Elec., Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000).

In her complaint, Burch argued that defendant discriminated and retaliated against her due to her alleged disabilities. We agree with the District Court that the threshold issue in this matter is whether Burch may recover under Title I of the ADA for her discrimination and retaliation claims against defendant in federal court. She may not. Defendant, as an instrumentality of the Commonwealth of Pennsylvania, is entitled to immunity under the Eleventh Amendment from a suit for damages brought pursuant to the ADA. See Bd. of Tr. of the Univ. of Ala. v. Garrett, 531 U.S. 356, 360 (2001); Benn

---

[1] Burch filed the notice of appeal within 30 days from the denial of her timely-filed motion to reconsider. See FRAP 4(a)(4)(A)(iv).

v. First Judicial Dist. of Pa., 426 F.3d 233, 241 (3d Cir. 2005).[2]  This immunity functions

as an absolute bar to Burch's ADA claim.  Accordingly, we will affirm the judgment of

the District Court.[3]

---

[2] Burch does not seek any non-monetary relief that might not be barred by the Eleventh Amendment.  See Garrett, 531 U.S. at 374 n.9.

[3] To the extent Burch raises new constitutional and statutory claims, we note that arguments raised for the first time on appeal are deemed to be waived and not susceptible of review.  See Brown v. Philip Morris, Inc., 250 F.3d 789, 799 (3d Cir. 2001).